WILLIAM H. SABIN *v.* ALLEN A. ANGELL.

*Award.   Arbitrators.   Evidence.*

It is not necessary that arbitrators should follow the rules of law in taking evidence, any
   more than in other matters, to make their award good.  If governed by their own judg-
   ment, without corruption or partiality, in their proceedings and decisions, their award
   should stand.

Each party should either be present or have a fair opportunity to be present at all hearings.

Where all matters of difference between the parties were referred to arbitrators, and
   after three days hearing they told the parties they should have no further need of
   them or their witnesses, but said they had better be present or within call, and but
   one of the parties attended at the next meeting and no evidence was taken, but the
   party present claimed that two items of the other party's account should be deducted,
   and it was deducted in making the award, it was *held* that, as no corruption or par-
   tiality was shown as to those items, the award was binding.

When the arbitrators found a certain sum was due the plaintiff, and found also that the
   plaintiff was entitled to $50 in addition for breach of a contract between the parties,
   and awarded that unless the defendant paid the first sum named within a given time
   the plaintiff should recover said further sum of $50 of the defendant,  it was *held* that
   the award as to this item, being in the nature of a penalty for non-performance of
   the rest of the award, was not good.

An award may be good in part, and bad in part, if the parts are distinguishable and
   severable, and the award of the $50 was of this character, and did not vitiate the rest.

ASSUMPSIT upon an award.   Plea, the general issue, and trial
by the court, at the December term, 1871, BARRETT, J., presiding.

The award declared on was given in evidence, and is as fol-
lows :

" AWARD.

" We the undersigned, Jonas Lamson, Samuel Stone, and B. F.
Hilliard, to whom are submitted all matters in difference between
Wm. H. Sabin and Allen A. Angell, having given the parties a
full hearing, and examined the evidence and witnesses of both
parties, do award that the said Allen A. Angell pay to the said
Wm. H. Sabin, and that the said Wm. H. Sabin recover of the
said Allen A. Angell, the sum of seventy-one (71) dollars and
fifty-five (55) cents; for breach of contract, and conversion of
said Sabin's property to his own use, and for trespasses done to
the said Sabin, and that said Sabin have as his own all hay in the
orchard barn, and that said Angell can have and own the traverse
sled by paying said Sabin the sum of ten dollars : and the said
arbitrators further award that unless said Angell pay said sum of
seventy-one dollars and fifty-five cents on demand within six days

from notice, the said Angell shall pay said Sabin, and said Sabin shall recover from said Angell, the further sum of fifty dollars for breach of contract in the last year of his tenancy on said Sabin's farm. Each to pay his own costs.

Dated at Windsor, this 14th day of April, A. D. 1870.

JONAS LAMSON,<br>SAM'L STONE,<br>B. F. HILLIARD."

" Added last day and not seen by Angell:

" For breach of contract, $50.00."

The evidence showed that the submission was, by parol, of all matters in difference between the parties, and included a long unsettled account, resulting from the carrying on of a farm, by the defendant, belonging to the plaintiff; that the arbitrators spent about three days in examining the parties and witnesses; that at the close of the third day they informed the parties that they should have no further need of them or their witnesses, but afterwards, the same evening, one of them told the parties that they had better be present or within call the next day, so that they could be found, in case the arbitrators should wish to make any inquiry of them in regard to any items. Sabin was present the next day, but Angell did not attend. No evidence was received on this day, but Sabin said to the arbitrators that two items for grain charged him in Angell' account ought not to be allowed, specifying the items, and they were here shown to this court, amounting to $7.00. Thereupon they were disallowed by the arbitrators in making up the balance between the parties, and the above award was duly made, signed, and published. As to the last paragraph of the award, relating to the $50, it was shown by the evidence of Samuel Stone, one of the arbitrators, that it appeared on the hearing before them that Angell had a contract for carrying on one of plaintiff's farms for a number of years, and that he had not fulfilled the same, and that Sabin ought to have $50 for the breach thereof by the defendant, but as defendant was not very well off for property, they thought it proper that he should not be compelled to pay said $50 in case he should pay, within the time fixed, the said balance found due from him to Sabin, and so made that clause or paragraph of said award.

The court excluded said sum of $50, and also deducted said item of $7,00 from the sum first specified in said award, and rendered judgment for the plaintiff to recover the balance of said sum first specified, deducting said $7.00.   To the judgment aforesaid the defendant excepted.*

*Norman Paul*, for the defendant.

The allowance of the fifty dollar item, which was never seen by Angell, and for which no claim was ever made to him, is conclusive in regard to the partiality and fraud of the arbitrators, and courts of law will set aside an award for mistake, fraud, corruption, or partiality on the part of the arbitrators or the parties. *Cutting* v. *Carter*, 29 Vt., 72; *Rand* v. *Redington*, 13 N. H., 72; *Bassett* v. *Harkness*, 9 N. H., 164.

The plaintiff Sabin having been allowed to appear and testify in regard to defendant's account, after the arbitrators had given notice that they had no further need of the parties or their witnesses, and in the absence of the defendant, and on the strength of his testimony, disallowed certain of the defendant's items of account, was a fraudulent proceeding on the part of the arbitrators, for which their awards should be set aside. Kyd on Awards, 346; *Bassett* v. *Harkness*, 9 N. H., 164.   Courts of law have no authority, in a suit brought to recover a gross amount named in an award, to go into an inquiry in regard to the various items which make up said sum.   Such an award is indivisible, and cannot be separated, but must be considered all good or all bad.   *Hubbell* v. *Bissell*, 13 Gray, 298; *Thrasher* v. *Haynes*, 2 N. H., 429; *Henderson* v. *Adams*, 5 Cush., 610; *Abbott* v. *Dexter*, 6 Cush., 108.

*Charles P. Marsh*, for the plaintiff.

It is no ground of objection to an award that a portion of it may be said to be in the nature of a penalty.   Kyd on Awards, 203, 204; *Remelee* v. *Hall*, 31 Vt., 583.   Or that a portion of it is good and a portion of it is bad.   Kyd on Awards, 254; *Candler* v. *Fuller*, Willes, 62; *Rixford et al.* v. *Nye et al.*, 20 Vt., 132; *Blanchard* v. *Murray*, 15 Vt., 548; *Dalrymple* v. *Whiting-*

*ham*, 26 Vt., 355.    No fraud or corruption on the part of the arbitrators has been shown.    Courts will sustain awards when they can, and will construe them liberally for that purpose. Every intendment is to be made in their favor, to sustain rather than defeat them.    Kyd on Awards, 242 ;   Caldwell on Arbitration, 123, 130 ;  *Rixford et al.* v. *Nye et al.*, *supra ; Kendrick* v. *Tarbell*, 26 Vt., 416 ;  *Akely* v. *Akely*, 16 Vt., 450 ;  *Lamphire* v. *Cowan*, 39 Vt., 420.

The opinion of the court was delivered by

WHEELER, J.   It was not necessary that these arbitrators should follow the rules of law in taking evidence any more than in other matters to make their award good.    While governed by their own judgment, without corruption or partiality in their proceedings and decisions, their award should stand.    Each party should either be present or have a fair opportunity to be present at all hearings.    Both of these parties appear to have had this opportunity.    No corruption or partiality as to the item of seven dollars was shown, therefore the award as to that was binding. If this item was so blended with others in the award as not to be severable, the plaintiff was entitled to judgment on the award as made in respect to it, and the defendant cannot justly complain because the judgment was so much less.

The plaintiff was not entitled to recover the item of fifty dollars if the defendant did not perform the rest of the award.    They did not award that sum to the plaintiff otherwise than as a penalty for non-performance of the rest.    The parties did not submit how much either should pay the other for non-performance, but only their matters of difference.    This penalty was not within the submission, and the award of it was not good.    An award may be good in part and bad in part, if the parts are distinguishable and severable.    This part is distinguishable and severable from the rest, and does not vitiate the rest.

The judgment of the county court is affirmed.